UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MORRIS D. BEDARD,<br><br>　　　　　　　Plaintiff,<br>v.<br>WYNN LAS VEGAS, LLC, *et al*.,<br>　　　　　　　Defendant. | Case No. 2:18-cv-01683-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on the parties' Stipulation and Request to Stay Proceedings Pending Resolution of Defendant Choate's and Defendant Wynn Las Vegas LLC's Motions to Dismiss (ECF No. 18), filed on February 12, 2019.

This matter arises from an alleged wrongful termination and allegations of breach of contract, negligence and various federal statutes. ECF No. 1-1. Plaintiff alleges that Defendant knowingly engaged in anti-union behavior. Defendant, John Choate's filed his Motion to Dismiss (ECF No. 8) on September 11, 2018 and argues Plaintiff's Complaint fails to state a claim upon which relief can be granted. On December 26, 2018 Defendant, Wynn Las Vegas, filed its Motion to Dismiss and seeks dismissal of Plaintiff's complaint on several grounds including: lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. *See* ECF No. 14.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of

1

why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

After conducting its "preliminary peek" of Defendant Choate's Motion to Dismiss and Defendant Wynn's Motion to Dismiss, the Court finds that a stay of discovery is warranted. The Court is convinced that Plaintiff will not be able to state a claim for relief for any claims alleged in the Complaint. The Court will therefore grant the parties request to stay discovery. Accordingly,

**IT IS HEREBY ORDERED** the parties' Stipulation and Request to Stay Proceedings Pending Resolution of Defendant Choate's and Defendant Wynn Las Vegas LLC's Motions to Dismiss (ECF No. 18) is **granted**.

Dated this 14th day of February, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE